# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| **PRICE WAICUKAUSKI & RILEY, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:10-cv-1065-WTL-TAB |
| ) | |
| **DENNIS E. MURRAY, SR., et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| **DPM, LTD, et al.,** ) | |
| ) | |
| Counter Claimants, ) | |
| ) | |
| vs. ) | |
| ) | |
| **PRICE WAICUKAUSKI & RILEY, LLC,** ) | |
| ) | |
| Counter Defendant. ) | |
| ) | |

## ENTRY ON MOTION TO DISMISS COUNTERCLAIM

Before the Court is the Counter Defendant's Motion to Dismiss the Counterclaim (Docket No. 28). This motion is fully briefed, and the Court, being duly advised, now **DENIES** the motion for the reasons set forth below.

Price Waicukauski & Riley, LLC ("PWR"), relying on the new notice pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), has moved to dismiss the counterclaim for legal malpractice on the grounds that the Counter Claimants[1] have failed to plead facts adequate to support this claim. The boundary between a well-pled complaint and an

---

[1] The Counter Claimants are: Dennis E. Murray, Sr., Margaret A. Murray, and DPM, Ltd. The Court will refer to them collectively as the "Counter Claimants" in this entry.

insufficient one under *Twombly* and its progeny is, quite frankly, still evolving and therefore somewhat blurry. While it may be difficult for courts to articulate why a particular case falls on one side or the other of the line, the overriding principle of the new pleading standard is clear: notice pleading is still all that is required, and "a plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citations and internal quotation marks omitted). The Counter Claimants' legal malpractice claim clearly satisfies this standard and therefore is not subject to dismissal.

By arguing to the contrary, PWR seeks to impose a pleading standard that is inconsistent with notice pleading. For example, PWR argues that the Counter Claimants fail to make more than conclusory allegations with regard to the breach and causation elements of their legal malpractice claim. *See* Docket No. 29 at 3. Notice pleading does not require such specificity in non-complex cases, however. As noted in *Tamayo*, the Supreme Court's "explicit praise" of what is now Form 11 of the Federal Rules of Civil Procedure "illustrates that conclusory statements are not barred entirely from federal pleadings." *Tamayo*, 526 F.3d at 1084.

> The [*Twombly*] Court noted that a complaint of negligence in compliance with Form 9 provides sufficient notice to defendants, even though it alleges only that the defendant, on a specified date, "negligently drove a motor vehicle against plaintiff who was then crossing [an identified] highway." *Bell Atlantic*, 127 S.Ct. at 1977; *see also Iqbal v. Hasty*, 490 F.3d 143, 156 (2d Cir.2007). To survive dismissal at this stage, the complaint need not state the respects in which the defendant was alleged to be negligent (i.e., driving too fast, driving drunk, etc.), although such specificity certainly would be required at the summary judgment stage. *Bell Atlantic*, 127 S.Ct. at 1977; *Iqbal*, 490 F.3d at 156. In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense.

*Id.* at 1084-85. The Counter Claimants have given PWR such notice in this case, and that is all that notice pleading requires of them. Accordingly, PWR's Motion to Dismiss the Counterclaim (Docket No. 28) is **DENIED**.

SO ORDERED: 03/21/2011

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Patrick James Olmstead Jr.
Hoover Hull LLP
polmstead@hooverhull.com

William N. Riley
Price Waicukauski & Riley
wriley@price-law.com

Sean T. White
Hoover Hull LLP
swhite@hooverhull.com

Michael A. Wilkins
Broyles Kight & Ricafort, P.C.
mwilkins@bkrlaw.com

Joseph N. Williams
Price Waicukauski & Riley
jwilliams@price-law.com