UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PRICE WAICUKAUSKI & RILEY, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-1065-WTL-TAB |
| | ) | |
| DENNIS E. MURPHY, SR. et al., | ) | |
|     Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO EXTEND DEADLINES
FOR EXPERT DISCLOSURES AND REPORT**

Defendants are moving for a 30-day extension of their expert disclosure deadline.[1] [Docket No. 56.] Federal Rule of Civil Procedure 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." *See also Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008) (explaining that district courts have broad discretion to manage their caseloads and the docket). "The good cause standard focuses on the diligence of the party seeking the extension." *Exe v. Fleetwood RV, Inc.*, No. 1:11-CV-70, 2011 WL 6257081, at *2 (N.D. Ind. Dec. 14, 2011). "To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met." *Id.*

Defendants offer two reasons to establish good cause: (1) Defendants needed additional time to review discovery due to delays in production, and (2) Defendants' expert advised counsel that he could not render an expert opinion by the deadline due to the complexity of issues underlying the lawsuit. [Docket No. 56.] Plaintiff's opposition to this third extension of the

---

[1] Defendants seek to move the deadline from September 15, 2012, to October 15, 2012, the date Defendants made their expert disclosures. [Docket No. 60.]

expert deadline is grounded in three arguments. Plaintiff argues that good cause does not exist because it produced approximately 12,000 documents a year before the deadline [Docket No. 58 at 7], and Defendants received the vast majority of discovery by May 11, 2012. [Docket No. 63 at 2.] Additionally, Plaintiff argues that the expert only needed 40 hours to review the evidence and prepare a report, which demonstrates that discovery is not as extensive or complex as Defendants suggest. [*Id.* at 3.] Finally, Plaintiff argues that Defendants only make conclusory allegations of diligence and fail to indicate when an expert was retained. [Docket No. 58 at 5 (citing *Smith v. Howe Military Sch.*, No. 3:960-CV-0790RM, 1997 WL 662506, at *3 (N.D. Ind. Oct. 20, 1997)]. The Court concludes that good cause exists.

     Defendants' arguments are not conclusory with respect to the diligence exercised in obtaining discovery. Defendants' brief outlines delays in discovery production throughout 2011 and indicates that discovery was not completed until July 2012. [Docket No. 56 at 3.] Moreover, the discovery served in July 2012 consisted of several hundred pages of documents. [*Id.*] This representation is consistent with the parties' May 2012 joint motion to extend several deadlines, including Defendants' expert disclosure deadline. [Docket No. 53.] The basis that both parties asserted for extending the deadlines was that they were unable to complete discovery by the June 15, 2012, deadline. [*Id.*] The parties believed an additional six months was necessary to complete discovery and requested that Defendants' expert disclosure deadline be extended to September 15, 2012. [*Id.*]

     In light of these delays, it is reasonable that Defendants needed 30 additional days to review discovery before obtaining an expert opinion. Even if discovery was not as extensive as Defendants suggest and the majority of discovery was completed by May 2012, it is

understandable that Defendants needed some additional time to review the several hundred documents provided in July 2012.  Moreover, the 30-day extension is reasonably close to the six month estimate that both parties made in their joint motion.

Addressing Defendants' claim that their expert could not timely provide his expert report due to the complexity of the lawsuit, Plaintiff correctly notes that Defendants fail to state when the expert was retained.  Despite Plaintiff identifying this shortcoming, Defendants' briefs only show that Defendants retained an expert at least a week and one day before the deadline [Docket No. 59 at 4] and that the expert needed 40 hours to prepare his report. [Docket No. 63-1 at 9.] Thus, it is unclear how diligent Defendants were in retaining the expert.  Nevertheless, considering the ongoing issues with completing discovery and the additional time needed to review Plaintiff's production, retention of an expert well before the September deadline would not have enabled Defendants to meet that deadline.  Accordingly, the additional time needed to review Plaintiff's production is sufficient to establish good cause.

Turning to the issue of prejudice, the 30-day extension did not prejudice Plaintiff in any meaningful way.  No trial date is set [Docket No. 55], all Case Management Plan deadlines were stayed in November 2012 [Docket No. 68], and the Court recently ordered the parties to file a new CMP.  [Docket No. 71.]  Finally, Defendants made their expert disclosure on October 15, 2012. [Docket Nos. 60, 63-1.]  Plaintiff's surreply contends that Defendants' expert report is deficient and should be stricken.  [Docket No. 63 at 5.]  Local Rule 7-1(a) requires that motions be filed separately.  This rule is particularly applicable because the surreply raises substantive issues about the expert report in response to a motion for extension of time and provides Defendants with no opportunity to respond.  If Plaintiff truly seeks to challenge the report on

substantive grounds, then a separate motion is required.

For these reasons, Defendants' motion to extend their deadline for expert disclosures to October 15, 2012 [Docket No. 56], is granted.

DATED: 02/12/2013

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Michael A. Dorelli
HOOVER HULL LLP
mdorelli@hooverhull.com

Alice McKenzie Morical
HOOVER HULL LLP
amorical@hooverhull.com

Patrick James Olmstead Jr.
HOOVER HULL LLP
polmstead@hooverhull.com

William N. Riley
PRICE WAICUKAUSKI & RILEY
wriley@price-law.com

Sean T. White
HOOVER HULL LLP
swhite@hooverhull.com

Michael A. Wilkins
BROYLES KIGHT & RICAFORT, P.C.
mwilkins@bkrlaw.com

Joseph N. Williams
PRICE WAICUKAUSKI & RILEY
jwilliams@price-law.com